JEANNETTE G. SCHAFFER, complainant,

*v.*

REALTY REALIZATION COMPANY et al., defendants.

[Decided March 23d, 1929.]

*Messrs. Thompson & Hanstein,* for the complainant.

*Mr. Samuel P. Hagaman,* for the defendant American Bank and Trust Company.

INGERSOLL, V. C.

This is a bill to quiet title to certain premises in the bill particularly described. No defense was made as to one of the tracts. The tract in question is situate at the southeast corner of Porter and Albany avenues, in the city of Atlantic City.

The former owner, the Realty Realization Company, exe-
cuted a mortgage to one Walter Walls, which was duly re-
corded in the clerk's office of Atlantic county in book No. 139
of mortgages, page 80, &c.

Walls executed an assignment of this mortgage to The
American Bank, which assignment was duly recorded in said
clerk's office. That, although absolute upon its face said
assignment was made by Walls and accepted by the bank as
collateral security for a loan; that Walls is still indebted to
the bank in the sum of $1,000, and that Walls is the equitable
owner of all right, title and interest in said mortgage over and
above the amount of the indebtedness of Walls to the bank.
The name of said bank is now the American Bank and Trust
Company.

Taxes duly assessed upon said property remaining unpaid
the statutory period, Lewis L. Mathis, tax collector of the city
of Atlantic City, sold the same to one Karl Schaffer.

The question reserved for decision and upon which briefs
were filed, is the sufficiency of the description of the premises
in the notice served upon the bank, which notice reads as
follows:

"To American Bank of Philadelphia, Philadelphia, Pa.:

You are hereby notified that a public sale held by Lewis L. Mathis,
collector of taxes of the city of Atlantic City, at the city hall in said
city, on August 16th, 1927, under and by virtue of the provisions
of an act of the legislature of the State of New Jersey entitled 'An
act for the assessment and collection of taxes,' approved April 8th,
1903, and the several acts supplementary thereto and amendatory
thereof, Karl Schaffer, of the city of Elizabeth, State of New Jersey,
bought for the sum of $28.88 for unpaid taxes for the year 1915 a
certain tract and parcel of land assessed in the name of Realty
Realization Company and described as follows: Block 92, lot 1,
Chelsea Heights. And you are hereby notified that you have or
appear to have an interest or estate in said land and real estate and
a right to redeem the same, and that unless said land or real estate
be redeemed within two years after the said sale, if this notice be
served upon you more than sixty days before the expiration of said
time or if not served until the expiration of said two years, then
within sixty days after the service of this notice your right of re-
demption will be barred."

This land was assessed and described in the tax sale as
block 92, lot 1, size of lot 25x105 feet as designated on the

official map and duplicates as used by the assessors of the city of Atlantic City.

The notice specified that the tax was held by the collector of taxes of the city of Atlantic City, that the taxes were assessed in the name of Realty Realization Company and were described as block 92, lot 1, Chelsea Heights.

This notice fulfills all the demands of the statute.

*Simonton's Tax Sales in New Jersey (2d ed.), p. 101,* says:

"There does not seem to be the same necessity, however, for such precise particularity in the description of the land, as is required in the case of the certificate or in prior proceedings, and mere inaccuracies in this respect * * * or other minor defects of this character, not operating to the prejudice of the parties served, it is held, will not be fatal," and cites *Welles* v. *Schaffer, 98 N. J. Eq. 31.* He proceeds, "but any errors or false statements in the notice, although of unnecessary matters, which tend to contradict it and mislead the redemptioner, will render it ineffectual."

This was the situation in *Welles* v. *Schaffer, supra,* where the notice called for the redemption of lots 1, 2, 3, 4, 5 and 6, which it should have been for parts of these lots. This was held fatal.

The notice to the redemptioner contained all requisites and was sufficient.

A decree will be advised accordingly.